**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANNETTE WILLIAMS and ERIKA WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. |
| v. | ) ) | |
| CHASE BANK, | ) ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

1.     Plaintiffs Annette Williams ("Plaintiff Annette") and Erika Williams ("Plaintiff Erika") file this Complaint for monetary damages, statutory damages and injunctive relief against Defendant Chase Bank ("Chase Bank") as a result of the unauthorized transfer of funds and failure to provide required notice in violation of the Electronic Funds Transfer Act ("EFTA") 15 U.S.C. § 1693, *et seq*. and its implementing regulations at 12 C.F.R. § 205, *et seq*.

2.     This Complaint arises from Defendant permitting a third party to run a check-kiting scheme targeted at Plaintiffs' bank account held with Defendant Chase Bank.

3.     A check-kiting scheme is a form of check fraud in which a third party deposits a fraudulent check into an account holder's account without the account holder's knowledge. The third party then makes an unauthorized withdrawal of the funds, taking advantage of the floated non-existent funds resulting from fraudulent check deposit.

4.     The account holder never sees the fraudulent check and, as a result, the account institution is in the best position to determine whether a fraudulent check has been deposited.

5.     Here, the check-kiting scheme involved a third-party who deposited fraudulent checks into Plaintiffs' checking account with Defendant Chase Bank. These checks purportedly

drew from the account of a fictional company. The third party withdrew funds from Plaintiffs' account without their authorization. The withdrawn funds had been provisionally credited to Plaintiffs' account prior to Defendant Chase actually receiving funds from the fictional company's account.

6.      Defendant is keenly aware that paper checks continue to be the payment method most              vulnerable              to              fraud              attacks.              *See* https://www.chase.com/content/dam/chasecom/en/business-

banking/documents/mms14_fraud_protection_white_paper.pdf

7.      Defendant knew or should have known that multiple checks deposited into Plaintiffs' account for large amounts of money in a short period of time from a fictional company were fraudulent.

### *Parties and Jurisdiction*

8.      Ms. Annette Williams is a natural person and a citizen of the State of Illinois, at all relevant times residing in Northbrook, Illinois.

9.      Ms. Erika Williams is a natural person and a citizen of the State of Indiana.

10.     Defendant Chase Bank is a national association with its main office in Newark, Delaware.

11.     Defendant Chase Bank is a financial institution subject to the EFTA and defined by 15 U.S.C. § 1693a(9).

12.     Defendant Chase Bank is a National bank that holds accounts belonging to consumers.

13.     Defendant does substantial business in this District.

14.    Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the EFTA, 15 U.S.C. § 1693m(g).

15.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because Defendants transact business in this district.

### *Brief Overview of the Electronic Funds Transfer Act*

16.    The Electronic Funds Transfer Act ("EFTA") provides a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems. 15 U.S.C. § 1693(b).

17.    The primary objective [of the Electronic Funds Transfer Act] is the provision of individual consumer rights. 15 U.S.C. § 1693(b).

18.    Under 12 C.F.R. 1005.11(a)(1), an unauthorized electronic fund transfer is an "error."

### *Factual Allegations*

19.    In or around January 2016, Plaintiff Annette Williams held an account with Defendant Chase Bank (the "Account.")

20.    Both Annette and her daughter, Erika, were authorized users of the Account.

21.    Up until January 4, 2016, Erika was using a debit card ("Chase Debit Card") to access funds in the Account.

22.    During January 2016, Erika received alerts from Chase to her cellular telephone informing her of withdrawals, transactions, and deposits relating to the Account.

### <u>LOST CHASE DEBIT CARD</u>

3

23.     Upon information and belief, on or before January 4, 2016, the Chase Debit Card that Erika used to access funds in the Account went missing due to the actions of an unknown third party.

24.     On or around January 4, 2016, Erika informed her mother, Annette, that the Chase Debit Card went missing.

25.     Without the Chase Debit Card, on January 4, 2016, Erika went to a Chase Bank location and withdrew approximately $40.00 from the Account.

26.     On or around January 4, 2016, Annette reported via telephone that the Chase Debit Card was missing.

27.     During the January 4, 2016 phone call, Chase informed Annette that Erika would need to personally go to a Chase Bank location to obtain a replacement debit card.

28.     On or around January 5, 2016, Erika went to a Chase Bank location to obtain a replacement debit card. The teller informed Erika that the new debit card would be mailed to her, and provided Erika with a temporary card.

29.     On or around January 6, 2016, Erika reported to Chase Bank that an unauthorized $200 withdrawal was made from the Account.

30.     Despite these notifications by Erika, on or around February 28, 2016, Chase Bank determined that the "transaction" – the unauthorized withdrawal of $200.00 – "was correct."

**THE FRAUDULENT CHECK-KITING SCAM**

31.     Upon information and belief, on or around January 4, 2016, a third party obtained Erika's Chase Debit Card without her permission or consent.

4

32.     On or around January 5, 2016, a third party requested an electronic fund transfer of $200 from the Account via an ATM.

33.     The $200.00 withdrawal was made by a third party and was neither made nor authorized by Plaintiffs.

34.     On or around January 5, 2016, a third party made a $28.00 transaction at a Hooters restaurant.

35.     The $28.00 transaction at Hooters was not made nor authorized by Plaintiffs.

36.     On or around January 5, 2016, a third party deposited five fraudulent checks into Plaintiffs' Chase Account via ATM totaling $4,595.00.

37.     On January 5, 2016, an unknown third party withdrew $4,595.00 from Plaintiff's Chase Account through an ATM.

38.     On or around January 6, 2016, Erika disputed the deposited amounts with Chase.

39.     On January 6, 2016, an unknown third party made two additional withdrawals for $500.00 and $3,000.00.

**Unauthorized January 5, 2016 Deposits**

40.     All five of the fraudulent checks display consecutive numbers.

41.     All five of the fraudulent checks state that they are drawn on a Wells Fargo Bank, N.A. bank account belonging to "IDT Energy, Inc., W. Third St. Suite 10, Kennesaw, GA 30144."

42.     All five of the fraudulent checks contain the name of the recipient, amount, and written amount in typed format, not handwritten.

43.     The memo for all five fraudulent checks states "Refund."

44.    The endorsement signatures on all five fraudulent checks do not match the signature of either Plaintiff.

45.    Copies of these five fraudulent checks, below, show the amount deposited:

- Check No. 90025 for $960.00:



- Check No. 90026 for $925.00:



- Check No. 90027 for $890.00:

- Check No. 90028 for $905.00:



- Check No. 90029 for $915.00:

8

46.     Plaintiffs did not write on, endorse, or even see these fraudulent checks prior to their being deposited into Plaintiffs' account.

47.     Neither Plaintiff Erika nor Plaintiff Annette made or authorized these deposits, nor do they know who deposited these checks.

48.     A simple search done through the Georgia Secretary of State for "IDT Energy, Inc." returns no results.

49.     Upon information and belief, "W. Third Street, Suite 10, Kennesaw, GA 30144" is not the address for any corporation or bank.

50.     As such, Defendant knew or should have known that the checks were fraudulent and that the deposits from fraudulent checks were unauthorized.

### January 5, 2016 Unauthorized Withdrawal

51.     On or around January 5, 2016, an unknown third party withdrew $5,000.00 via an electronic funds transfer without Plaintiffs' authorization.

52.     On or around January 7, 2016, despite the fraudulent nature of this scam, Defendant charged Plaintiffs' account returned check fees in the amount of $60.00.

### January 5, 2016 Unauthorized Withdrawal

53.     On or around January 5, 2016, an unknown third party withdrew an additional $500.00 and $3,000.00 via electronic fund transfers.

54.     Neither of the Plaintiffs made or authorized these withdrawals.

55.     On or around January 6, 2016, Erika made an inquiry to Chase Bank about the unauthorized deposits.

56.     On or around January 7, 2016, Chase Bank confirmed that it received Erika's inquiry regarding the fraudulent checks.

57.     In that same letter, Chase Bank misrepresented that: "As we discussed and agreed, your inquiry has been resolved. This claim is now considered closed"

58.     The representation in Chase's letter about the inquiry was false in that it misrepresented the fact that Plaintiff had "agreed" that the inquiry had been resolved, when in fact it had not been resolved.

59.     On or around January 11, 2016, Erika again provided Chase Bank notice that the inquiry related to the deposit of fraudulent checks was not resolved.

60.     On or around January 19, 2016, Chase Bank confirmed that it received Erika's inquiry, on or around January 11, 2016, regarding the fraudulent checks.

61.     In that same letter, Chase Bank misrepresented the fact that "As we discussed and agreed, your inquiry has been resolved. This claim is now considered closed" Aside from the deceptive nature of this representation, the response was also unfair in that it demonstrated an incomplete, inadequate and unreasonable investigation of Plaintiffs' inquiry.

62.     On January 31, 2016, Chase Bank stated that it had completed its research on Erica's January 23, 2016 dispute and found that the transaction was processed correctly or was authorized.

63.     On or about March 12, 2016, Chase Bank sent a letter to Plaintiff Erika, informing her that Plaintiffs' account had been closed. Chase Bank further stated that "We can no longer service your accounts **because of recent unusual activity**." (emphasis added.)

**COUNT I – UNAUTHORIZED TRANSFER UNDER THE EFTA RESULTING IN SURPLUS CONSUMER LIABILITY**

64.     Plaintiff hereby incorporates by reference paragraphs 1-63 as if set forth fully in this Count.

65.     Defendant initiated electronic fund transfers as to Plaintiffs' account without their prior consent and authorization.

66.     Defendant imposed liability in excess of the amount permitted under the EFTA, § 1693g, and its implementing regulations. 12 C.F.R. § 1005.6(b).

67.     Plaintiffs have been damaged as a result. Defendant Chase Bank conducted unauthorized electronic funds transfers and, despite Plaintiff Erika's timely notice of the errors, did not limit their liability to $50.00 per transfer.

68.     This additionally resulted in insufficient funds fees ("NSF") being imposed on Plaintiffs' account.

69.     As a proximate result, Plaintiffs have been unable to obtain an alternative bank account.

70.     Defendant Chase Bank failed to conduct a timely and reasonable investigation in good faith regarding the unauthorized/disputed transactions.

71.     Rather, Chase Bank conducted an incomplete, inadequate and contradictory investigation and review of Plaintiff's disputes regarding the unauthorized/disputed transactions.

72.     Defendant Chase Bank misrepresented that it had conducted and completed a timely and reasonable investigation in good faith and that in good faith it had found transactions were processed correctly or authorized.

WHEREFORE, Plaintiffs Annette Williams and Erika Williams request that this Court enter judgment in their favor and against Defendant Chase Bank, and for the following relief:

    (A)    Actual damages to be determined at trial, including but not limited to any NSF fees imposed on Plaintiffs' account, pursuant to § 1693m(a)(1) of EFTA;

    (B)    Statutory damages pursuant to § 1693m(a)(2)(A) of EFTA;

    (C)    Reasonable attorney's fees as determined by the court, and costs of the action, pursuant to § 1693m(a)(3) of EFTA;

    (D)    Any other relief the Court deems just and appropriate.

## COUNT II – FAILURE TO REASONABLY INVESTIGATE ERROR UNDER THE EFTA

73.    Plaintiffs hereby incorporates by reference paragraphs 1-72 as if set forth fully in this Count.

74.    Section 1693f(a) of EFTA imposes the duty on financial institutions that have received timely notification from a consumer of an unauthorized electronic fund transfer affecting their accounts to conduct a reasonable investigation of the alleged error, determine whether an error has occurred, and report or email the results of such investigation and determination to the consumer within ten business days. 15 U.S.C. § 1693f(a).

75.    Defendant Chase Bank failed to conduct a timely and reasonable investigation in good faith regarding the unauthorized/disputed transactions it received notification of from Plaintiff Erika.

76.    Rather, Chase Bank knowingly and willfully concluded that Plaintiffs' account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to it at the time of its various investigations.

WHEREFORE, Plaintiffs requests that this Court enter judgment in her favor and against Defendants Synchrony Bank and Synchrony Financial, and for the following relief:

    (A)    Actual damages to be determined at trial, including but not limited to any NSF fees imposed on Plaintiffs' account, pursuant to § 1693m(a)(1) of EFTA;

(B)     Statutory damages pursuant to § 1693m(a)(2)(A) of EFTA;

Entering judgment that Defendants Chase Bank violated 15 U.S.C. §1693h;

(C)     Treble damages determined under § 1693m(a)(1), pursuant to § 1693f(e)(2) of EFTA;

(D)     Reasonable attorney's fees as determined by the court, and costs of the action, pursuant to § 1693m(a)(3) of EFTA;

(E)     Any other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand a trial by jury in this action.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiffs' Attorneys

Lance A. Raphael
Craig R. Frisch
The Consumer Advocacy Center, P.C.
180 West Washington Street, Suite 700
Chicago, IL 60602
(312) 782-5808